NOT DESIGNATED FOR PUBLICATION

No. 121,547

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PHILLIP D. CLARKE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed February 28, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before HILL, P.J., GREEN and WARNER, JJ.

PER CURIAM: Phillip D. Clarke appeals the revocation of his probation and the imposition of a modified sentence. We granted Clarke's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded and asked that we affirm the district court's judgment. Finding no error, we affirm.

In May 2018, Clarke pled guilty to one count of possession of opiates with an intent to distribute and one count of misdemeanor possession of marijuana. The district court sentenced him to 68 months in prison but then granted a dispositional departure sentence of 36 months' probation with community corrections.

1

Later, Clarke stipulated to a number of probation violations, including allowing the battery on his GPS monitoring device to die, failing to notify his intensive supervision officer that he was fired from his job, and failing to complete substance abuse treatment as directed. The district court reviewed these and Clarke's numerous, previous probation violations—for some he had already been sanctioned. Clarke had served a series of 2-day and 3-day jail sanctions and a 180-day prison sanction for his earlier probation violations. The district court revoked Clarke's probation and ordered him to serve a modified prison sentence of 58 months. Clarke appeals.

In his motion for summary disposition, Clarke contends that the district court abused its discretion in revoking his probation. He argues that he was "finally in a position to succeed" in treatment and he has a family to financially support and, as such, no reasonable person would have ordered to revoke his probation. But Clarke concedes that the decision to revoke probation is within the district court's sound discretion.

The procedure for revoking a defendant's probation is found in K.S.A. 2018 Supp. 22-3716. Once evidence of a probation violation is established, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

An abuse of discretion occurs when judicial action is

- arbitrary, fanciful, or unreasonable;
- based on an error of law; or
- based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

The movant bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by

2

committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

The record shows that the district court gave Clarke many chances to succeed on probation, but he could not comply with the basic conditions of his supervision. The district court also tried a series of intermediate sanctions under K.S.A. 2018 Supp. 22-3716(c)(1) for Clarke's previous violations even though it did not have to do so. See K.S.A. 2018 Supp. 22-3716(c)(9)(B) (dispositional departure to probation). After all of these chances, Clarke continued violating the terms of his probation. Thus, the district court's decision to revoke his probation and impose a modified prison sentence was not arbitrary, fanciful, or unreasonable, and it was not based on an error of law or fact. Because Clarke fails to show that the district court abused its discretion, the district court's ruling is affirmed.

Affirmed.